**FILED**
**Nov 26, 2019**
**03:20 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT COOKEVILLE

| | | |
|---|---|---|
| **HOPE BOTTOMS,** | ) | **Docket No. 2017-04-0253** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 58577-2017** |
| | ) | |
| **ROY MIDGETT d/b/a MIDGETT** | ) | **Judge Robert Durham** |
| **FARM COUNTRY RESTAURANT,** | ) | |
| **Uninsured Employer.** | ) | |

---

## COMPENSATION ORDER GRANTING BENEFITS

---

The Court conducted a compensation hearing on November 22, 2019, to determine whether Roy Midgett is obligated to provide future medical, temporary disability, and permanent disability benefits for Hope Bottoms's alleged work injury.[1] The Court holds Ms. Bottoms submitted sufficient evidence to establish her entitlement to these benefits.

### History of Claim

Mr. Midgett hired Ms. Bottoms in November 2016 to work for Midgett Farm County Restaurant, where she earned $8.00 per hour. On May 5, 2017, she injured her left elbow while filling an ice machine. She heard a "pop" in her elbow and immediately felt pain and numbness. She notified Mr. Midgett later that day, but he did not offer to provide medical care. Ms. Bottoms worked until May 30, when she felt compelled to quit due to her inability to do her job. Mr. Midgett closed the restaurant in July and did not offer her additional employment.

Ms. Bottoms filed an Expedited Request for Investigation (ERFI). During the investigation, Mr. Midgett admitted that Ms. Bottoms was an employee of Midgett Farm Country Restaurant; that he had at least five employees; and that he did not have workers' compensation insurance.[2]

---

[1] Mr. Midgett did not attend the compensation hearing, did not participate in the post-discovery mediation, or respond in any way to the Notice of Compensation Hearing sent to his listed address.

[2] At a previous expedited hearing, the Court found that Ms. Bottoms was not entitled to reimbursement from the Uninsured Employers' Fund, since she did not timely seek Bureau assistance. The issue was not

As for her injury, Ms. Bottoms sought treatment with orthopedist Dr. Roy Terry, who diagnosed her condition as left-ulnar nerve neuritis and lateral epicondylitis. He performed surgery on her elbow in August.[3]

For medical proof, Ms. Bottoms submitted a Form C-32 written medical report from Dr. Terry. He stated that Ms. Bottoms's employment with Mr. Midgett contributed more than fifty percent in causing her injuries. He further noted that her condition rendered her totally disabled from August 9 until November 20 and partially disabled from November 21 until February 25, 2018. He gave her permanent restrictions against lifting more than ten pounds and to limit repetitive lifting. He also placed her at maximum medical improvement on October 5, 2018, and assigned a three-percent whole-body impairment rating.

Finally, Ms. Bottoms testified she did not work until February 1, 2018, when she went to work for a different employer making $9.50 per hour for forty hours per week. Although she left that job, she soon found another making the same wages. She worked there until July 2018 but did not testify as to why she left.

## Findings of Fact and Conclusions of Law

Ms. Bottoms has the burden of proving by a preponderance of the evidence all essential elements of her workers' compensation claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015).

The uncontroverted evidence proves that Mr. Midgett employed her on May 5, 2017, and that he had at least five employees. Based on this, she is entitled to workers' compensation benefits from Mr. Midgett for any injury causally related to her employment. *See* Tenn. Code Ann. §§ 50-6-102(12) and (13).

To prevail on causation, Ms. Bottoms must establish she suffered an accidental injury "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(14)(A). The Court finds she proved this through lay and medical testimony, and that she duly notified Mr. Midgett of her injury.

The Court further finds Mr. Midgett did not offer medical treatment, which compelled Ms. Bottoms to seek unauthorized treatment with Dr. Terry. Whether an employee is justified in seeking payment for unauthorized medical expenses from an employer depends upon the circumstances of each case. *Hackney v. Integrity Staffing*

---

raised again at the compensation hearing.
[3] At the expedited hearing, Ms. Bottoms testified TennCare paid for her surgery.

*Solutions,* 2016 TN Wrk. Comp. App. Bd. LEXIS 29, at \*8-9 (July 22, 2016).

Here, the Court finds the circumstances justified Ms. Bottoms's unauthorized care by Dr. Terry. Given that he has already provided substantial care, the Court holds that he shall be the authorized doctor for any additional treatment made reasonably necessary by the injury, and Mr. Midgett shall pay the expenses incurred. "An employer may risk being required to pay for unauthorized treatment if it does not provide the treatment made reasonably necessary by the work injury as required by Tennessee Code Annotated section 50-6-204(a)(1)(A)." *Id.* at \*8-9.

However, as to past unauthorized medical expenses, Ms. Bottoms must prove the reasonableness and necessity of those expenses. *Russell v. Genesco, Inc.,* 651 S.W.2d 206, 211 (Tenn. 1983). Given that Ms. Bottoms did not produce any evidence regarding the actual expenses of Dr. Terry's care, the Court cannot find that she met her burden, and any claim for past medical expenses is denied.

The Court next considers temporary disability benefits. For temporary total disability benefits, Ms. Bottoms needed to establish her compensation rate, which is two-thirds of her average weekly wage with Mr. Midgett. Tenn. Code Ann. § 50-6-207(1). She testified that from January 1 through May 30, 2017, Mr. Midgett paid her $6,489.00 in wages. At $8.00 per hour, this equates to $302.80 per week, thus establishing a compensation rate of $201.87.

Ms. Bottoms must have then proved: (1) a disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *See Shepherd v. Haren Const. Co., Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at \*13 (Mar. 30, 2016). Dr. Terry provided a statement that Ms. Bottoms was temporarily totally disabled due to her injury from August 9 until November 20, 2017. Ms. Bottoms testified that she did not work during this time. Therefore, the Court holds that she is entitled to temporary total disability benefits totaling $2,999.21.

As for temporary partial disability benefits, Ms. Bottoms must establish the difference between what she could have earned in her partially disabled state and her average weekly wage. Tenn. Code Ann. § 50-6-207(2)(A). Dr. Terry stated she was partially disabled from November 21 through February 25, 2018. Mr. Midgett did not offer to re-employ Ms. Bottoms when she became available to work. She did not work until February 1, 2018, when she found a job paying as much or more than her pre-injury wages.[4] Given that the wages she could have earned in her partially disabled state is $0, the Court holds she is entitled to temporary partial disability benefits totaling $2,076.37.

---

[4] Ms. Bottoms found the job despite the fact that she was still under Dr. Terry's temporary restrictions.

Finally, the Court must also consider Ms. Bottoms's entitlement to permanent partial disability benefits. Dr. Terry testified that she retained a three-percent permanent impairment from her injury. Thus, by multiplying three percent times 450 weeks times her compensation rate, the Court holds Ms. Bottoms is entitled to permanent partial disability benefits totaling $2,725.45. *See* Tenn. Code Ann. § 50-6-207(3)(A).

To obtain increased benefits, Ms. Bottoms needed to prove that, at the end of her compensation period on January 15, 2019, she had not returned to work with any employer making as much or more than she made before her injury. Tenn. Code Ann. § 50-6-207(3)(B). Ms. Bottoms testified that she worked full-time from March to July 2018making $9.50 per hour. However, she did not testify as to why she stopped working in July. She also did not testify as to her employment status on January 15, 2019. Thus, the Court holds that Ms. Bottoms is not entitled to increased benefits.

IT IS, THEREFORE, ORDERED that:

1. Dr. Roy Terry shall be designated as Ms. Bottoms's authorized physician for her work-related injury, and Mr. Midgett shall pay for any further reasonable and necessary medical treatment provided or recommended by Dr. Terry.

2. Mr. Midgett shall pay Ms. Bottoms $2,999.21 in temporary total disability benefits, $2,076.37 in temporary partial disability benefits, and, $2,725.45 in permanent partial disability benefits, for a total of $7,801.03. The award shall be paid in a lump sum, and Ms. Bottoms's counsel is awarded twenty percent, or $1,560.21, in attorney's fees.

3. Mr. Midgett shall pay costs of $150 to the Court Clerk within five business days of this order becoming final. Mr. Midgett shall also reimburse Ms. Bottoms for reasonable litigation expenses, including but not limited to Dr. Terry's C-32 form.

4. Ms. Bottoms's counsel shall prepare and submit a Statistical Data Form within ten business days of the date this order becomes final.

5. Absent an appeal, this order shall become final thirty days after issuance.

**ENTERED November 26, 2019.**

Robert V. Durham, Judge
**Court of Workers' Compensation Claims**

4

# APPENDIX

Exhibits:

1. Copy of check from Mr. Midgett to Ms. Bottoms
2. Dr. Terry's C-32 report
2. Request for Investigation Report
3. Medical records

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice entered December 11, 2017
3. Expedited Hearing Order Granting Benefits
4. Scheduling Order
5. Addition to Dispute Certification Notice
6. Dispute Certification Notice dated November 18, 2019
7. Order Compelling Discovery
8. Notice of Compensation Hearing
9. Ms. Bottoms's Pre-Compensation Hearing Statement

## CERTIFICATE OF SERVICE

A copy of the Compensation Order was sent as indicated on November 26, 2019.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| David Goodman Employee's Attorney | | | X | dgoodman@forthepeople.com cc: treiley@forthepeople.com |
| Roy Midgett, Self-Represented Employer | X | | | Midgett Farm Country Restaurant 4873 Highway 52 West Lafayette, TN 37083 |

Penny Shrum, Court Clerk
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

5



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# COMPENSATION HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

**Docket #:** _____

**State File #/YR:** _____

_____

**Employee**

v.

_____

**Employer**

## Notice

Notice is given that _____
[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.
[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing:☐Employer☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):**_____At Hearing:☐Employer☐Employee

Appellee's Address: _____

Appellee's Phone: _____Email:_____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____ , certify that I have forwarded a true and exact copy of this
Compensation Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all
parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee
Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___.


[Signature of appellant or attorney for appellant]　_____


Attention: This form should only be used when filing an appeal to the Workers' Compensation Appeals
Board. If you wish to appeal a case to the Tennessee Supreme Court, please utilize the form provided by
the Court which can be found on their website at the following address:
http://www.tncourts.gov/sites/default/files/docs/notice_of_appeal_-_civil_or_criminal.pdf



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries        $ _____ per month    Telephone        $ _____ per month

Electricity      $ _____ per month    School Supplies $ _____ per month

Water            $ _____ per month    Clothing         $ _____ per month

Gas              $ _____ per month    Child Care       $ _____ per month

Transportation   $ _____ per month    Child Support    $ _____ per month

Car              $ _____ per month

Other            $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____    (FMV) _____

Other                   $ _____    Describe: _____

11. My debts are:

Amount Owed                    To Whom

_____           _____

_____           _____

_____           _____

_____           _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____